```
___ FILED        ✓ LODGED
___ RECEIVED    ___ COPY

      MAY 2 0 2025

CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

PARKER STANLEY
Arizona State Bar No. 033276
Assistant U.S. Attorneys
123 N. San Francisco Street, Suite 410
Flagstaff, Arizona 86001
Telephone: 928-556-5003
Email: parker.stanley@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-25-08020-001-PCT-DJH |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Noe Cecena-Castro, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, NOE CECENA-CASTRO, hereby agree to resolve this matter on the following terms and conditions:

1.   **PLEA**

The defendant will plead guilty to Count 1 of the indictment charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 659 and 2, Possession or Receipt of Goods Stolen from an Interstate Shipment, Aid and Abet, a Class C felony offense.

2.   **MAXIMUM PENALTIES**

a.   A violation of 18 U.S.C. § 659 is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of ten years, or both, and a term of supervised release of up to three years. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

b.   According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that defendant has discussed this eventuality with defendant's attorney. The defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

3.  **AGREEMENTS REGARDING SENTENCING**

   a.  <u>Stipulation: Sentencing Cap</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed the low end of the applicable sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). However, if the low end of the sentencing range is 12 months, the parties stipulate that the low end of the sentencing range will become 12 months and one day. Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

   b.  <u>Restitution</u>. Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss, in an amount no more than $1,000,000.00, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

   c.  <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation

1  Office immediately and prior to the termination of the defendant's supervised release or
2  probation, such disclosures to be shared with the U.S. Attorney's Office, including the
3  Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the
4  Inmate Financial Responsibility Program to fulfill all financial obligations due and owing
5  under this agreement and the law.

6      d.    <u>Recommendation: Acceptance of Responsibility</u>. If the defendant makes full
7  and complete disclosure to the U.S. Probation Office of the circumstances surrounding the
8  defendant's commission of the offense, and if the defendant demonstrates an acceptance
9  of responsibility for this offense up to and including the time of sentencing, the United
10 States will recommend a two-level reduction in the applicable Sentencing Guidelines
11 offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16
12 or more, the United States will move the Court for an additional one-level reduction in the
13 applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

14 **4.**    **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

15     This agreement does not, in any manner, restrict the actions of the United States in
16 any other district or bind any other United States Attorney's Office.

17 **5.**    **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

18     a.    If the Court, after reviewing this plea agreement, concludes that any
19 provision contained herein is inappropriate, it may reject the plea agreement and give the
20 defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.
21 11(c)(5).

22     b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,
23 vacated, or reversed at any time, this agreement shall be null and void, the United States
24 shall be free to prosecute the defendant for all crimes of which it then has knowledge and
25 any charges that have been dismissed because of this plea agreement shall automatically
26 be reinstated. In such event, the defendant waives any and all objections, motions, and
27 defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional
28 restrictions in bringing later charges or proceedings. The defendant understands that any

statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.  The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)  criminal convictions, history of drug abuse, and mental illness; and

(2)  financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.  FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.  ELEMENTS**

**Possession or Receipt of Goods Stolen from Interstate Shipment**

**18 U.S.C. § 659**

On or about January 13, 2025, in the District of Arizona:

1.  The defendant or someone else stole goods and chattels while such property was part of an interstate or foreign shipment[1];

---

[1] Goods and chattels are moving as or is a shipment in interstate or foreign commerce if the point of origin is in one state or country and the destination is another state or country. Goods and chattels are moving as an interstate or foreign shipment at all points between the point of origin and the final destination, regardless of any temporary stop while

2. The defendant or someone else thereafter possessed the goods and chattels;

3. The defendant knew the goods and chattels had been stolen[2]; and

4. The goods and chattels had a value of $1000.00 or more.[3]

### Aiding and Abetting

### 18 U.S.C. § 2

1. Someone else possessed or received goods and chattels stolen from interstate shipment that had a value of $1000.00 or more;

2. The defendant aided that person with respect to at least one element of the crime of possession or receipt of goods and chattels stolen from interstate shipment;

3. The defendant acted with the intent to facilitate the possession or receipt of goods and chattels stolen from interstate shipment; and

4. The defendant acted before the crime was completed.

**10.   FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On January 13, 2025, in the District of Arizona, at least 1,900 pairs of Nike shoes were stolen from a BNSF train as it was traveling from California through Arizona. The stolen Nike shoes were found in a Ford Econoline and U-Haul. The stolen Nike shoes are valued at least $1,000.00.

On that same day, I, NOE CECENA-CASTRO, traveled with other(s) in a different vehicle to a location near the BNSF railroad tracks in Perrin, Arizona. At

---

awaiting transshipment or otherwise. Ninth Circuit Jury Instruction 23.5 (2023).

[2] It is not necessary to prove that a defendant knew the goods had been stolen from interstate or foreign commerce. *United States v. Zarattine*, 552 F.2 753, 759 (7th Cir. 1977), *Pugliana v. United States*, 348 F.2d 902, 903 (1st Cir. 1965); *United States v. Sherman*, 171 F.2d 619, 623-24 (2d Cir. 1948).

[3] It is not necessary to prove that a defendant knew that the value of the stolen goods and chattels had a value over $1,000.00. Ninth Circuit Jury Instruction 23.5 (2023).

1     that location, I helped load cases that were found near the railroad tracks into the
2     Ford Econoline and U-Haul. I knew the cases contained stolen goods.
3  b.     The defendant shall swear under oath to the accuracy of this statement and, if the
4 defendant should be called upon to testify about this matter in the future, any intentional
5 material inconsistencies in the defendant's testimony may subject the defendant to
6 additional penalties for perjury or false swearing, which may be enforced by the United
7 States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

9     I have read the entire plea agreement with the assistance of my attorney. I
10 understand each of its provisions and I voluntarily agree to it.

11     I have discussed the case and my constitutional and other rights with my attorney.
12 I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,
13 to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to
14 present evidence in my defense, to remain silent and refuse to be a witness against myself
15 by asserting my privilege against self-incrimination, all with the assistance of counsel, and
16 to be presumed innocent until proven guilty beyond a reasonable doubt.

17     I agree to enter my guilty plea as indicated above on the terms and conditions set
18 forth in this agreement.

19     I have been advised by my attorney of the nature of the charges to which I am
20 entering my guilty plea. I have further been advised by my attorney of the nature and range
21 of the possible sentence and that my ultimate sentence shall be determined by the Court
22 after consideration of the advisory Sentencing Guidelines.

23     My guilty plea is not the result of force, threats, assurances, or promises, other than
24 the promises contained in this agreement. I voluntarily agree to the provisions of this
25 agreement and I agree to be bound according to its provisions.

26     I understand that if I am granted probation or placed on supervised release by the
27 Court, the terms and conditions of such probation/supervised release are subject to
28 modification at any time. I further understand that if I violate any of the conditions of my

probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

4/17/25
Date

Noe Cecena
NOE CECENA-CASTRO
Attorney for Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No

- 9 -

assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4-17-25
_____
Date

_/s/ MSR_____
MICHAEL SHAY RYAN
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

_____
Date

_____
PARKER STANLEY
Assistant U.S. Attorney

Digitally signed by PARKER STANLEY
Date: 2025.04.09 09:33:54 -07'00'

**ACCEPTANCE BY THE COURT**

_____
Date

_____
HONORABLE DIANE J. HUMETEWA
United States District Judge

- 10 -