Maxine Marshall (Bar #029367)
**The Marshall Law Firm, PLLC**
4700 S. Mill Avenue, Ste 5
Tempe, Arizona 85282
Telephone: 480-359-4910
Fax: 480-302-7810
Email: maxine@themarshalllawfirmpllc.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Luis Francisco Luna-Reynaga,<br>Defendant | No. CR-25-08020-009-SMB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Luis Francisco Luna-Reynaga, through undersigned counsel, submits the following as his Sentencing Memorandum pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007). Mr. Luna-Reynaga asks that this Court impose a sentence of 12 months and 1 day of imprisonment, followed by 36 months of supervised release. This

Motion is supported by the following Memorandum of Points and Authorities, attached hereto and made a part hereof by reference.

Respectfully submitted: June 18, 2025.

*s/Maxine Masrshall*
Maxine Marshall
Attorney for Defendant

# **M E M O R A N D U M**

## **INTRODUCTION**

Mr. Luna-Reynaga is charged with and pled guilty to Possession or Receipt of Goods Stolen from an Interstate Shipmen, Aid and Abet. He was arrested on January 13, 2025, and held nonbondable on January 21, 2025. He has a total of 163 days detention credit as of June 25, 2025.

Mr. Luna-Reynaga is a citizen of Choix, Sinaloa in Mexico and does not have any criminal history in the United States. It appears the defendant was in the U.S. illegally. Mr. Luna-Reynaga came to the U.S. to work for higher wages. He has a wife and two children in Mexico, however, their daughter was diagnosed with autism, verbally delayed, at the age of two and they needed more money to assist with her medical needs. The defendant has taken responsibility for his actions by accepting a plea agreement. It appears Mr. Luna-Reynaga had a minimal role in this matter. The evidence provided shows that he was not an organizer or manager in this incident. He was brought in to help load boxes to the vehicle. He had no knowledge of the burglary or even how much he was going to get paid. He was brought in by his family member. He accepted the job due to his construction employment not having work and his lack of funds. He makes no excuses about his involvement.

## LEGAL ANALYSIS

Pursuant to 18 U.S.C. §3553, the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with" the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant;
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In *United States v. Booker*, the United States Supreme Court decided that the Constitution mandated that the Sentencing Guidelines be advisory and subsequent decisions by the Supreme Court (*Rita*, *Gall*, and *Kimbrough*, *supra*) have made it clear that after calculating and considering the appropriate range under the Sentencing Guidelines, the Court is free to impose a sentence consistent with the factors set forth in §3553 but outside the strictures of the Guidelines.

The sentencing range of 18-24 months recommended by the presentence report writer does not adequately comply with the purposes set forth in 18 U.S.C. §3553(a). The recommended sentence is far greater than necessary to meet the statutory purposes of sentencing. Mr. Luna-Reynaga is requesting a downward variance of 2 levels.

## SENTENCING RECOMMENDATION OF U.S. PROBATION

The U.S. Probation Department is recommending that Mr. Luna-Reynaga serve a term of 18 months of detention, with credit for 163 days, and a term of supervised release for 36 months.

Mr. Luna-Reynaga does agree that the Sentencing Guideline calculation obtained by the pre-sentence report writer is the correct guideline calculation. However, Mr. Luna-Reynaga is requesting a two-level variance and a sentence of 12 months and 1 day sentence with 36 months supervised release.

## FACTORS UNDER U.S.C. §3553

The sentencing range of 18 months recommended by the presentence report writer does not adequately comply with the purposes set forth in 18 U.S.C. §3553(a). The recommended sentence is far greater than necessary to meet the statutory purposes of sentencing. Mr. Luna-Reynaga is asking the court to sentence him to 12 months and 1 day and 36 months of supervised release.

Mr. Luna-Reynaga does not have prior arrests and this would constitute his first felony conviction. Mr. Luna-Reynaga has not served a term of incarceration before this incident. This sentence would reflect the seriousness of the offense for which Mr. Luna-Reynaga is charged.

Mr. Luna-Reynaga also feels that this sentence would provide adequate deterrence to his criminal conduct and protect the public from any further crimes. Mr. Luna-Reynaga has no substance abuse or mental health history. He is married and has a wife and two children in Mexico. At the time that he crossed the border, it was his intent to work in order to send money home to his family for his daughter's medical condition. Mr. Luna-Reynaga did not come to the U.S. to engage in criminal behavior. His family lives in Mexico and he has no desire to return to the U.S. and be away from his family. He understands that he will be deported and can not come back to the U.S.

## CONCLUSION

Based on the foregoing, Mr. Luna-Reynaga respectfully requests the court to impose a sentence of 12 months and 1 day of incarceration and with a term of 36 months of supervised release.

Respectfully submitted: June 18, 2025.

*s/Maxine Marshall*
Maxine Marshall
Attorney for Defendant

I hereby certify that on June 18, 2025,

I electronically transmitted the attached
Document to the Clerk's Office using the
CM/ECF system for filing and transmittal
Of a Notice of Electronic Filing to the
Following CM/ECT registrants

Honorable Steven P. Logan
Genevieve A. Ozark, Assistant U.S. Attorney
Todd J. Barrett, U.S. Probation